UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| THOMAS BARNES, ) | |
| ) | |
| Plaintiff, ) | Case: 4:24-cv-04077 |
| ) | |
| v. ) | |
| ) | |
| BELLOTA AGRISOLUTIONS AND ) | |
| TOOLS USA, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

# COMPLAINT

**NOW COMES** Plaintiff, Thomas Barnes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bellota Agrisolutions And Tools USA, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

**THE PARTIES**

8. At all times material to the allegations of this Complaint, Plaintiff resided in Henry County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant was corporation doing business in and for Cook County, Illinois, whose address is 4415 85th Avenue West, Rock Island, IL 61201.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

12. Plaintiff worked for Defendant as a maintenance technician from January 20, 2023 through July 10, 2023.

13. Since at least February 2023 through the end of Plaintiff's employment, Defendant

has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American and is a member of a protected class because of their race whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. Beginning in February 2023, Plaintiff's supervisor "Don" (LNU) began making racist and derogatory remarks toward Plaintiff.

16. These remarks included, but were not limited to pervasive use of the N-word and comments such as "N*gger Boy F*cking Cows" when referring to Plaintiff.

17. Plaintiff reported these instances to Human Resources in February, March, April, and June.

18. In June 2023, another one of Plaintiff's supervisors "Chris Bynum" referred to Plaintiff as "boy." Chris used this term in an offensive manner.

19. Plaintiff again reported the incident to Human Resources.

20. Plaintiff was paid less and trained less than similarly situated employees. After making complaints to Human Resources, Plaintiff was no longer provided the training or resources needed for him to succeed.

21. Plaintiff was unlawfully terminated because of his race, (African-American) on July 10, 2023.

22. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

23. Plaintiff reported the race-based harassment to Defendant.

24. Plaintiff was targeted for termination because of their race.

25. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

26. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

27. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

30. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

31. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

32. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section

1981.

33. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

34. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

36. Plaintiff met or exceeded performance expectations.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

39. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

40. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

42. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

44. Defendant knew or should have known of the harassment.

45. The race-based harassment was severe or pervasive.

46. The race-based harassment was offensive subjectively and objectively.

47. The race-based harassment was unwelcomed.

48. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

51. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

55. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

56. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

57. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

60. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of April, 2024.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*